UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHARLES DENNIS KILES,

                          Petitioner,

    v.                                      Civil Action No. 09-2444 (HHK)

LINDA SANDERS, *et al.*,

                          Respondents.

## MEMORANDUM OPINION

This matter is before the Court on Charles Dennis Kiles' petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. For the reasons stated below, the petition will be denied.

Petitioner's criminal history has been summarized as follows:

> [Kiles] was convicted, following a jury trial, of one count of conspiracy to use a weapon of mass destruction and one count of conspiracy to use a destructive device. In addition, [Kiles] was convicted, pursuant to his pleas of guilty, of one count of conspiracy to violate federal firearms laws and one count of felon in possession of a firearm. He was sentenced September 9, 2002 to 264 months imprisonment and a five year term of supervised release. He appealed his sentence and convictions. The convictions were affirmed on appeal; however, the case was remanded for a recalculation of sentence, the appellate court having determined that the district court erred when it applied a four level upward adjustment pursuant to U.S.S.G. § 2K2.1(b)(5). On January 9, 2004, the district court issued an amended judgment, sentencing [Kiles] to 262 months imprisonment and a term of five years supervised release. That sentence was affirmed on appeal.

*United States v. Kiles*, Nos. 09-cv-1191 and 99-cr-0551, 2007 WL 2705236, at *1 (E.D. Cal. Sept. 14, 2007) (footnotes omitted); *see* Pet. (Statement of Relevant Facts) at 1-3.  His motion to vacate, set aside or correct his sentence, filed under 28 U.S.C. § 2255, was denied.  *Kiles*, 2007 WL 2705236, at *7.

Petitioner sets forth several challenges to his current "illegal and unlawful incarceration," Pet. (handwritten statement addressed to The Hon. Royce C. Lamberth, Chief Judge) at 8, among which are his actual innocence, the sentencing court's lack of subject matter jurisdiction over the criminal case, and a faulty indictment.  *See id.* at 8-11, 14-16.  Insofar as petitioner "challenges the constitutionality of the imposition of his sentence rather than the execution of his sentence, his § 2241 petition should be construed as a motion for relief under § 2255."  *Poindexter v. Nash*, 333 F.3d 372, 377 (2d Cir. 2003) (citation omitted); *see Ojo v. Immigration & Naturalization Serv.*, 106 F.3d 680, 683 (5th Cir. 1997).  Section 2255 provides specifically that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, <u>may move the court which imposed the sentence to vacate, set aside or correct the sentence</u>.

28 U.S.C. § 2255(a) (emphasis added).  "[T]he proper remedy, if any, is by way of habeas corpus [under § 2255], which would not lie in this jurisdiction."  *Taylor v. United States Bd. of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952) (per curiam).  In addition, because the instant motion is not the first petitioner has filed under 28 U.S.C. § 2255, no district court cannot entertain this

second or successive motion absent certification and authorization by a panel of the appropriate court of appeals.  28 U.S.C. §§ 2244 (b)(3)(A),  2255(h).

A federal prisoner's ability to challenge a conviction by a motion to vacate sentence generally precludes a challenge by a petition for habeas corpus:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [28 U.S.C. § 2255], <u>shall not be entertained</u> if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, <u>unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention</u>.

28 U.S.C. § 2255(e) (emphasis added).  Petitioner argues that a remedy under § 2255 is inadequate or ineffective because it does not contemplate a challenge based upon a treaty.  *See* Pet. (handwritten statement addressed to The Hon. Royce C. Lamberth, Chief Judge) at 2-3.  He argues that his current detention violates the Inter-American Convention Against Corruption and the International Covenant on Civil and Political Rights.  *See generally* Pet. (Arguments) at 1-28.  Because "[r]elief under § 2255 does extend to treaty violations," *Wesson v. U.S. Penitentiary Beaumont, Texas*, 305 F.3d 343, 348 (5th Cir. 2002) (per curiam) (citing *Davis v. United States*, 417 U.S. 333, 344 (1974)), *cert. denied*, 537 U.S. 1241 (2003), he cannot prevail on this alternative basis.  *U.S. ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1063 (8th Cir. 2002) (rejecting prisoners' argument that "a § 2241 petition is the proper vehicle for challenging a treaty violation [because] . . . [r]elief under § 2255 does extend to treaty violations").

Moreover, any claim under the Inter-American Convention Against Corruption is unavailing because the convention has not been ratified.  *See United States v. Clagett*, 198 F.3d 255 (9th Cir. 1999).  Similarly, there is no relief under the International Covenant on Civil and

3

Political Rights directly. It does not provide "an independent basis for challenging custody under § 2255 because its provisions are not self-executing, and therefore [are] not judicially enforceable 'law' of the United States." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003) (citing *Buell v. Mitchell*, 274 F.3d 337, 372 (6th Cir. 2001) (collecting cases)).

For these reasons, the Court will deny the petition and dismiss this action without prejudice. An Order consistent with this Memorandum Opinion is issued separately on this same date.

                                                  /s/
                                   HENRY H. KENNEDY, JR.
                                   United States District Judge

DATE: January 17, 2010